IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 05-cv-01825 - LTB - CBS

VICKI A. HOLMES,

      Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation,

      Defendant.
_____

ORDER
_____

      This case is before me on Plaintiff Vicki A. Holmes' Motion to Dismiss Case Without Prejudice.  After consideration of the motion and all related pleadings, as well as the case file, I deny the motion as follows.

      Plaintiff initially asserted two claims for relief against Defendant arising out of her discharge from employment: one for retaliation based on her filing of a worker's compensation claim and one for violation of the Family and Medical Leave Act ("FMLA").  Contemporaneously with the filing of the motion before me, Plaintiff filed an unopposed motion to dismiss her FMLA claim which was granted.  Accordingly, the only remaining claim in this case is Plaintiff's state law claim for retaliation.  Plaintiff has filed a case in the District Court for the County of Boulder, Colorado asserting this same claim.

      In support of dismissal of this case, Plaintiff argues that there is no reason for me to retain jurisdiction over her state law claim and that general practice dictates that this claim should be decided by the state court.  In response, Defendant argues that the discovery undertaken in this

case and the related expenses support the continued exercise of my jurisdiction in this case. Defendant further argues that the dismissal of this case would be futile in any event because it intends to remove the case back to this Court based on diversity jurisdiction.

Although the parties have undertaken some discovery, this case has not progressed to a point where I should retain jurisdiction over Plaintiff's state law claim on this basis alone.  *See United States v. Botefuhr,* 309 F.3d 1263, 1273 (10th Cir. 2002) (absent a showing that the parties have already expended a great deal of time and energy on state law claims, a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed).  If this case can be removed back to this Court based on diversity jurisdiction, however, then the dismissal of this case would be meaningless and would lead to the unnecessary expenditure of judicial resources.

There is no question that Plaintiff and Defendant are citizens of different states.  Rather, the dispute over whether this case could be removed from state court on the basis of diversity jurisdiction centers on the amount in controversy.  In filing her claim in state court, Plaintiff certified that she is seeking less than $100,000 in damages, which is in excess of the $75,000 jurisdictional limit for diversity jurisdiction.  Moreover, Plaintiff refused Defendant's request that she stipulate to a $75,000 cap on damages.  Under these circumstances, I conclude that Defendant could meet its burden of presenting sufficient facts to support its contention that the amount in controversy in this case exceeds $75,000 and that removal of this case back to this Court is appropriate.  I therefore further conclude that it is appropriate for me to retain jurisdiction over this case pursuant to 28 U.S.C. §§1332 & 1367.

Accordingly, IT IS ORDERED that Plaintiff's Motion to Dismiss Case Without Prejudice [Doc # 25] is DENIED.

Dated: June   27  , 2006 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE
